UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER NORRIS d/b/a<br>WEBCOMIC NAME<br><br>                Plaintiff,<br><br>                     v.<br><br>Marc Goldner, Individually and as Officer of<br>GOLDEN BELL ENTERTAINMENT, LLC,<br>a California company and GOLDEN BELL STUDIOS, LLC,<br>GOLDEN BELL ENTERTAINMENT, LLC., a California<br>Company and GOLDEN BELL STUDIOS, LLC.<br><br>                Defendants. | No. 1:19-cv-05491-AJN<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE SUPPLEMENTAL COMPLAINT**

CHINTA PERDOMO BERKS & FRATANGELO, LLP
Francelina M. Perdomo
Antoaneta V. Tarpanova
17 State Street
New York, NY 10004
Tel.: (212) 274-1261
Email:fperdomo@chintaperdomo.com
*Attorneys for Plaintiff*

Plaintiff Alexander Norris ("Norris") respectfully submits this Memorandum of Law in support of his Motion pursuant to Rule 15(d) of the Fed. R. of Civ. P. to file a supplemental pleading alleging the occurrence of relevant facts subsequent to the filing of the original Complaint in this action, and seeking additional remedies that could not have been sought before the newly-alleged facts occurred against defendants Golden Bell Entertainment, LLC ("Golden Bell"), Marc Goldner ("Goldner") and Golden Bell Studios, LLC ("GB Studios"). Plaintiff's proposed supplemental pleading is annexed as Exhibit 1 to the accompanying Declaration of Antoaneta Tarpanova.

## INTRODUCTION

The present action arises from a business dispute between plaintiff, a respected visual artist and author, and an unethical and deceitful distributor and marketer of books, games, stories and goods. In the original complaint plaintiff asserted claims for copyright and trademark infringement, false designation of origin, breach of contract and sought injunction, cancellation of trademark registration, damages and declaration of his rights in connection to his works. Specifically, Plaintiff has asserted that Defendant, Golden Bell Entertainment, LLC, and his officer Marc Goldner have copied Plaintiff's works without Plaintiff's authorization or knowledge to support their fraudulent trademark application. Defendants have argued that the works were foreign works and not registered works and therefore according to them not subject to copyright protection.

Subsequent to the filing of the original Complaint, Golden Bell Entertainment submitted a new statement of use with the United States Patent and Trademark Office in relation to its pending trademark application, whereby it copied without Plaintiff's authorization several of Plaintiff's copyrighted works. As such, damages, including statutory damages, costs and attorneys' fees are now sought for this infringement.

2

## RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a visual artist, comics illustrator, and the creative mind of the viral webcomic "Webcomic Name" with its main character, the disappointed "Blob" delivering the punchline "Oh No". Plaintiff is the sole author and exclusive rights holder to his original illustrations created or published for the first time in the United Kingdom as the webcomic "Webcomic Name." Plaintiff is also the sole author and exclusive rights holder of his original illustrations registered with the United States Copyright Office under registration No. VA 2- 128-773, namely the comic strips "Different", "Dog", "Imagination", "Impossible" and "Procrastination" (the "Registered Works").

Plaintiff filed his original complaint on June 12, 2019 for among others copyright infringement on several of his foreign works and on an illustration appearing in one of his registered strips. Defendants answered the complaint on August 2, 2019.

On November 18, 2019, five months after Plaintiff filed his complaint in this action, Golden Bell filed another fraudulent specimen of use with the USPTO, whereby Goldner copied the copyrighted works "Different", "Imagination", "Impossible" and "Procrastination" directly from Plaintiff's website theohnoshop.com without Plaintiff's knowledge or authorization. Exhibit 2, p. 12. This constitutes copyright infringement. The infringement was willful as Golden Bell was put on notice of the existence of Plaintiff's copyright registration, which was attached to the Original Complaint. Thus, Plaintiff acquired this cause of action for copyright infringement against Golden Bell and Marc Goldner after the original complaint was filed in June, 2019.

Plaintiff's proposed supplemental pleading requests: (1) injunctive relief; (2) actual or statutory damages; and (3) attorneys' fees and costs.

Plaintiff's proposes to supplement the complaint to include new paragraphs 69-73 to recite that:

> On November 18, 2019, Golden Bell filed with the USPTO another specimen of use in support of its 88185795 application ("New Specimen for 795 Application").
>
> Goldner, as principal of Goldner Bell filed the New Specimen for 795 Application in class 016 (Bookmarkers; Bookmarks; Comic books; Comic magazines; Comic strips; Comic strips' comic features; Comics; Stickers; Newspaper comic strips).
>
> Upon filing the New Specimen for 795 Application, Goldner and GB Entertainment stated:
>
> i. GB Entertainment is the owner of the mark;
> ii. That to the best of their "knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."
> iii. GB Entertainment's first's use of the Mark was as early as June 26, 2016 and that it first used the mark in commerce in connection to Bookmarkers; Bookmarks; Comic books; Comic magazines; Comic strips; Comic strips' comic features; Comics; Stickers; Newspaper comic.
> iv. The mark was in use in commerce at the time of the application in connection with all the goods/services in the application.
> v. That all of the facts recited in the application were accurate.
>
> Goldner and GBE made these statements knowing they were false. Indeed, Goldner knew that: (i) plaintiff never assigned his rights to his "Oh No" trademark to any of the defendants, in fact, in fact the agreement does not even mention the mark; (ii) defendants have never used the mark in connection to the applied for goods; (iii) the specimens of use submitted were screenshots plaintiff's copyrighted works "Different," "Imagination," "Impossible," and "Procrastination," and were taken directly from plaintiff's website theohnoshop.com without his knowledge or authorization.
>
> Goldner and GB Entertainment filed the New Specimen for 795 Application without plaintiff's knowledge or authorization.

Plaintiff proposed amendment also adds paragraphs 93-95 to the First Cause of Action for Copyright Infringement as follows:

> Plaintiff has copyrighted his comic strips "Different", "Dog", "Imagination", "Impossible" and "Procrastination" with the United States Copyright Office and holds a registration No. VA 2- 128-773 (the "Registered Works"). Id., Ex. 3.

      On November 18, 2019, five months after Plaintiff filed his original complaint in this action, Golden Bell filed another fraudulent specimen of use with the USPTO, whereby Goldner copied the copyrighted works "Different", "Imagination", "Impossible" and "Procrastination" directly from Plaintiff's website theohnoshop.com without Plaintiff's knowledge or authorization. 2 to Declaration in Support of Supplemental Pleadings, p.12.

      Goldner and GB Entertainment's infringement was willful and was done in furtherance of their fraudulent trademark applications.

Rule 15(d) of the Federal Rules of Civil Procedure authorizes this Court to grant permission to Plaintiffs to amend their pleadings, under these circumstances, to assert claims that matured after the filing of the original complaint. In the alternative, if permission is not granted, it is Plaintiff's intention to file a separate complaint for copyright infringement and move to consolidate such action with these proceedings.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 15(d), "the court may on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

"Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, [a motion seeking permission to file a supplemental pleading] should be freely granted." *Quarantino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995); citing *Forman v. Davis*, 371 U.S. 178, 182 (1962), *See e.g., Best v.Town of Clarkstown*, 61 F. App'x 760, 762 (2nd Cir. 2003) ("leave to amend shall be freely given. . . . Parties are generally allowed to amend their pleadings absent bad faith or prejudice."); *Asoma Corp. v. SK Shipping Co.*, 53 F. App'x 581, 583 (2d Cir. 2002), *USA Soccer Properties, Inc. v. Aegis Grp. PLC,* No. 91 CIV. 0360 (RJW), 1994 WL 185779, at *1 (S.D.N.Y. May 11, 1994) (granting motion to amend and supplement counterclaims where granting motion would serve interests of judicial economy

5

and movant intended to adduce much of the same evidence that non-movant used in its complaint); *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (remanding with leave to file supplemental proceeding as leave "pleading should be freely permitted when the supplemental facts connect it to the original pleading"). Courts have permitted supplementing pleadings to add copyright infringement causes of action where Plaintiffs could allege a viable cause of action *Distribuidora De Discos Karen C. por A. v. Universal Music Grp.*, 2017 U.S. Dist. LEXIS 37222, 2017 WL 1019697 (SDNY 2017).

Here, the plaintiff's motion to supplement its Complaint has been made within a reasonable time of Defendant's submission of its new statement of use with the USPTO. Said infringing activities have substantial bearing on the claims of the original complaint, Defendant's willfulness and the relief requested by plaintiff. Further, given the early stage of the present litigation, the defendants are not likely to suffer any prejudice as a result of the proposed changes.

## CONCLUSION

For the aforesaid reasons, Plaintiff's motion to file a supplemental pleading, pursuant to Fed. R. Civ. P. 15(d) should be granted.

Dated: New York, NY
      February 24, 2020                      CHINTA PERDOMO BERKS & FRATANGELO, LLP
                                                               By: /s/Antoaneta V. Tarpanova
Antoaneta V. Tarpanova, Esq.(#2287)
Francelina M. Perdomo, Esq.(#4429)
17 State Street, Ste 4000
New York, NY 10004
T. 212-274-1261
F. 212-220-6734
Email: fperdomo@chintaperdomo.com
*Attorneys for Plaintiff*