UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER NORRIS d/b/a WEBCOMIC NAME<br><br>                        Plaintiff,<br><br>     -against-<br><br>Marc Goldner, Individually and as Officer of GOLDEN BELL ENTERTAINMENT LLC., a California company and GOLDEN BELL STUDIOS, LLC, GOLDEN BELL ENTERTAINMENT, LLC., a California Company and GOLDEN BELL STUDIOS, LLC<br>                       Defendants. | Case No. 1:19-cv-05491-AJN |

Defendants Marc Goldner, Golden Bell Entertainment LLC, and Golden Bell Studios LLC (collectively, "Defendants"), by and through their undersigned attorneys, Garson, Ségal, Steinmetz, Fladgate LLP, answer Plaintiff, Alexander Norris' Complaint as follows:

## NATURE OF THE ACTION

1.     Paragraph 1 states Plaintiff's legal theory to which no response is required. To the extent a response is required, Defendants deny the same.

2.     Paragraph 2 states Plaintiff's legal theory to which no response is required. To the extent a response is required, Defendants deny the same.

3.     Paragraph 3 is denied.

## THE PARTIES

4.     Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 4.

5.     Paragraph 5 is denied.

6.     Paragraph 6 is denied.

7.     Paragraph 7 is denied.

8.     Paragraph 8 is admitted.

9.     Paragraph 9 is denied.

10. Paragraph 10 is denied.
11. Paragraph 11 is denied.
12. Paragraph 12 is denied.

## JURISDICTION AND VENUE

13. Paragraph 13 is denied.
14. Paragraph 14 is denied.

## FACTUAL BACKGROUND

15. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 15.
16. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 16.
17. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 17.
18. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 18.
19. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 19.
20. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 20.
21. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 21.
22. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 22.
23. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 23.
24. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 24.
25. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 25.
26. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 26.
27. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 27.
28. Paragraph 28 is admitted to the extent that it states Wiseman entered into an agreement with Golden Bell Entertainment, LLC. Defendants deny or lack sufficient knowledge to form a belief as to the truth of the remainder of the Paragraph 28.
29. Paragraph 29 is admitted.
30. Paragraph 30 is denied.
31. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 31 and therefore deny the same.
32. Paragraph 32 is denied.
33. Defendants lack sufficient knowledge to form a belief as to the truth of Plaintiff's motives or beliefs, and deny the remainder of Paragraph 33.
34. Paragraph 34 is admitted.
35. Paragraph 35 is admitted.

36. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 36.

37. Paragraph 37 is admitted.

38. Paragraph 38 is denied.

39. Paragraph 39 is admitted.

40. Paragraph 40 is denied.

41. Defendants lack sufficient knowledge to form a belief as to the meaning of the undefined "marks" and otherwise deny Paragraph 41.

42. Paragraph 42 is denied.

## Plaintiff's Copyrighted Works

43. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 43.

44. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 44.

45. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 45.

46. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 46.

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

49. Paragraph 49 is denied.

### GB Entertainment's "Webcomic Name" Application Serial No. 87703934

50. Paragraph 50 is admitted to the extent it is meant to state that Golden Bell Entertainment, LLC filed for the referenced mark. Paragraph 50 is denied to the extent it implies Goldner acted outside of his capacity as a Member of Golden Bell Entertainment, LLC.

51. Paragraph 51 is admitted.

52. Paragraph 52 is denied.

53. Paragraph 53 and its subparts are denied.

54. Paragraph 54 is denied.

55. Paragraph 55 is admitted.

56. Paragraph 56 is denied.

57. Paragraph 57 is admitted to the extent that the United States Patent and Trademark Office issued the mark, but deny any and all allegations of misrepresentations in conjunction therewith.

### GB Entertainment's "Webcomic Name" Application Serial No. 88147369

58. Paragraph 58 is admitted to the extent it is meant to state that Golden Bell Entertainment, LLC filed for the referenced mark. Paragraph 58 is denied to the extent it implies Goldner acted outside of his capacity as a Member of Golden Bell Entertainment, LLC.

59. Paragraph 59 and its subparts are admitted to the extent they are meant to refer to Golden Bell Entertainment, and are denied to the extent they imply Goldner acted outside of his capacity as a Member of Golden Bell Entertainment, LLC.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

62. Paragraph 62 is admitted.

**GB Entertainment's application for the mark "OH NO" Serial Number 88185795**

63. Paragraph 63 is admitted to the extent it is meant to state that Golden Bell Entertainment, LLC filed for the referenced mark. Paragraph 63 is denied to the extent it implies Goldner acted outside of his capacity as a Member of Golden Bell Entertainment, LLC and denies any implications made by the sentence "[t]his time they attempted to register plaintiff's comedic trademark punchline "Oh No."

64. Paragraph 64 is admitted to the extent it is meant to state that Golden Bell Entertainment, LLC filed for the referenced mark. Paragraph 64 is denied to the extent it implies Goldner acted outside of his capacity as a Member of Golden Bell Entertainment, LLC and denies any knowledge of "Goldner Bell."

65. Paragraph 65 and its subparts are admitted to the extent they are meant to refer to Golden Bell Entertainment, and are denied to the extent they imply Goldner acted outside of his capacity as a Member of Golden Bell Entertainment, LLC.

66. Paragraph 66 is denied.

67. Paragraph 67 is denied.

68. Paragraph 68 is admitted.

69. Paragraph 69 is admitted to the extent it is meant to state the Golden Bell Entertainment, LLC filed the specimen for the referenced mark.

70. Paragraph 70 is admitted.

71. Paragraph 71 and its subparts are admitted to the extent they are meant to refer to Golden Bell Entertainment, and are denied to the extent they imply Goldner acted outside of his capacity as a Member of Golden Bell Entertainment, LLC.

72. Paragraph 72 is denied.

73. Paragraph 73 is denied.

**Plaintiff Applies for His Own Webcomic Name Serial No. 88216127**

74. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 69.

75. Defendants respectfully refer the Court to the record of the alleged application for the USPTO's reasons for denial, and deny that Golden Bell Entertainment's application was fraudulent, and deny to the extent they imply Goldner acted outside of his capacity as a Member of Golden Bell Entertainment, LLC.

76. Paragraph 76 is admitted.

77. Paragraph 77 is admitted.

78. Paragraph 78 is admitted.

79. Paragraph 79 is denied.

80. Paragraph 80 is admitted.

81. Paragraph 81 is admitted.

### AS AND FOR A FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### (against GB Entertainment and Goldner)

82. Defendants' repeat and reallege each and every response in the foregoing paragraphs of this Answer.

83. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 83.

84. Paragraph 84 and its relevance are denied.

85. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 85.

86. Paragraph 86 is denied.

87. Paragraph 87 is denied.

88. Paragraph 88 is denied.

89. Paragraph 89 is denied.

90. Paragraph 90 is denied.

91. Paragraph 91 is denied.

92. Paragraph 92 is denied.

93. Paragraph 93 is admitted to the best of the Defendant's knowledge.

94. Paragraph 94 is admitted to the extent it is meant to state that Golden Bell Entertainment, LLC filed a specimen for the referenced mark. Paragraph 94 is denied to the extent it implies that Goldner acted outside of his capacity as a member of Golden Bell Entertainment, LLC and denied that Goldner copied the Plaintiff's copyrighted works.

95. Paragraph 95 is denied.

96. Paragraph 96 is denied.

**AS AND FOR THE SECOND CAUSE OF ACTION**
**FALSE DESIGNATION OF ORIGIN**
**(against GB Entertainment and GB Studios)**

97. Defendants repeat and reallege each and every response of the foregoing paragraphs of this Answer.

98. Paragraph 98 is denied.

99. Paragraph 99 is denied.

100. Paragraph 100 is denied.

101. Paragraph 101 is denied.

102. Paragraph 102 is denied.

103. Paragraph 103 is denied.

104. Defendants lack sufficient knowledge to form a belief as to the truth of Paragraph 96, but deny the possessives used in conjunction with the mark.

105. Paragraph 105 is denied.

106. Paragraph 106 is denied.

**AS AND FOR THE THIRD CAUSE OF ACTION**
**FOR CANCELLATION OF FRAUDULENT REGISTRATIONS**
**(against Goldner and Golden Bell)**

107. Defendants repeat and reallege each and every response of the foregoing paragraphs of this Answer.

108. Defendants respectfully refer the Court to the reference to the cited statutory provisions for its content.

109. Paragraph 109 is denied.

110. Paragraph 110 is denied.

111. Paragraph 111 is denied.

112. Paragraph 112 is denied.

113. Paragraph 113 is denied.

114. Paragraph 114 is denied.

115. Paragraph 115 is denied.

116. Paragraph 116 is denied.

117. Paragraph 117 is denied.

118. Paragraph 118 is admitted.

119. Paragraph 119 is admitted.

120. Paragraph 120 is denied.

### AS AND FOR THE FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT
### (against GB Entertainment)

121. Defendants repeat and reallege each and every response of the foregoing paragraphs of this Answer.

122. Paragraph 122 is denied.

123. Paragraph 123 is admitted.

124. Paragraph 124 is admitted.

125. Paragraph 125 is denied.

126. Paragraph 126 is denied.

127. Paragraph 127 is denied.

Plaintiff's prayer for relief should be denied in its entirety.

### AS AND FOR THE FIFTH CAUSE OF ACTION
### FOR A DECLARATORY JUDGMENT
### (against GB Entertainment and GB Studios)

128. Defendants repeat and reallege each and every response of the foregoing paragraphs of this Answer.

129. Paragraph 129 is denied.

130. Defendants lack sufficient knowledge to form a belief as to the truth of Plaintiff's beliefs and understanding, and deny the remainder of Paragraph 130.

131. Paragraph 131 is denied.

132. Paragraph 132 is denied.

133. Paragraph 133 is denied.

134. Paragraph 134 is admitted.

135. Paragraph 135 is denied.

136. Paragraph 136 is denied.

137. Paragraph 137 is denied.

138. Paragraph 138 is denied.

139. Paragraph 139 is admitted. Paragraph 139 is denied to the extent it implies Goldner acted outside of his capacity as a Member of Golden Bell Entertainment, LLC.

140. Paragraph 140 is denied.

141. Paragraph 141 is denied.

142. Paragraph 142 is denied.

143. Paragraph 143 is denied.

144. Paragraph 144 is denied.

145. Paragraph 145 is admitted.

146. Paragraph 146 is denied.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a cause of action upon which relief may be granted.

2. The Court lacks subject matter jurisdiction over the claims in the Complaint.

3. Plaintiff failed to perform under the contracts.

4. Defendants performed under the contracts.

5. Non-performance was justified based on Plaintiff's conduct.

6. Defendant(s) was (were) not a party to the contracts.

7. Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

8. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

9. Plaintiff failed to mitigate its damages, if any.

10. Defendants reserve the right to amend these affirmative defenses upon the discovery of such additional facts or other bases warranting the assertion of such additional defenses.

## JURY DEMAND

Defendants demand a trial by jury.

**WHEREFORE**, Defendants respectfully request that each and every prayer for relief made by Plaintiff be denied, that the Complaint be dismissed with prejudice, and that Defendants be awarded their costs in responding to this action.

Dated: New York, New York
August 21, 2020

                Respectfully Submitted,

**Garson, Segal,
Steinmetz, Fladgate LLP**
*Attorneys for Defendants*

By:     /s/
      Kevin Kehrli (KK1536)

164 West 25th Street, Suite 11R
New York, NY 10001
Telephone: (212) 380-3623
Facsimile: (347) 537-4540
Email:**KK@GS2LAW.COM**;

9