UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER NORRIS d/b/a WEBCOMIC NAME<br><br>Plaintiff,<br><br>-against-<br><br>Marc Goldner, Individually and as Officer of GOLDEN BELL ENTERTAINMENT LLC., a California company and GOLDEN BELL STUDIOS, LLC, GOLDEN BELL ENTERTAINMENT, LLC., a California Company and GOLDEN BELL STUDIOS, LLC<br><br>Defendants. | Case No. 1:19-cv-05491-AJN-SN<br><br>**Declaration in Support of Motion to Withdraw as Counsel** |

**ROBERT D. GARSON**, an attorney duly admitted to practice before this Court, declares under penalty of perjury as follows:

1. I am a member of the law firm Garson, Segal, Steinmetz, Fladgate LLP, attorneys for defendants Marc Goldner, Golden Bell Entertainment, LLC and Golden Bell Studios, LLC in the above-captioned, and have overseen this matter since its inception. As such, I have personal knowledge of the facts set forth below. I respectfully submit this Declaration in accordance with Local Rule 1.4 and various subparts of Rule 1.16(c) of the New York Rules of Professional Conduct.

2. This action, as alleged in the complaint, relates to an agreement between Plaintiff, Alexander Norris and Defendant, Golden Bell Entertainment, LLC, executed in August 2017, whereby Plaintiff was to perform certain obligations and assign certain rights in exchange for money and Defendants' promotion and sale of the resulting works. Plaintiff alleges various claims related to the purported use by Defendants of the intellectual property covered in the agreement.

Plaintiff also alleges breach of contract and seeks a declaratory judgment related to the same contract. Defendants have asserted various defenses, including that: (i) two of the three named defendants were not signatories to the agreement, (ii) Defendant Golden Bell Entertainment, LLC performed under the contract, and (iii) Plaintiff failed to perform under the contract.

3. To date, the parties have partially completed discovery. As the Court was made aware in Plaintiff's August 25, 2021 letter, depositions were scheduled in this matter to begin on August 24th, but did not occur for the reasons below.

4. Over the course of this litigation, Defendants have fallen into significant arrears, which have remained unpaid for years and continue to accrue. While I attempted in good faith to resolve these arrears through different plans and proposals, Defendants have not been able to make any substantial efforts to satisfy these obligations to the firm.

5. In the weeks leading up to the depositions, I contacted Defendants seeking payment of sufficient funds to cover both anticipated costs for our firm and the hard costs of the upcoming deadlines. I informed the clients that if we did not receive funds by August 23rd, the day before the scheduled depositions, we would have to withdraw as counsel. At 2:22pm on August 23rd, having not heard from Defendants or received any indication that funds would be forthcoming, I informed Defendants via email that we would be seeking to withdraw as counsel.

6. Over the course of the next week, I engaged in significant correspondence with Defendants, through which several issues became clear.

7. First, it became clear that this application is necessary due to Defendants' inability to pay for legal services – both past and the significant pending costs of depositions, dispositive motions, and potentially trial. This is grounds for withdrawal pursuant to N.Y. R. of Prof. Cond. 1.16(c)(5).

8.  Second, while I will not disclose specifics for the purposes of privilege, numerous statements made by Defendants' representatives made clear that Defendants have taken, and wish to continue taking, courses of action with which we, as their lawyers, fundamentally disagree. This is grounds for withdrawal pursuant to N.Y. R. of Prof. Cond. 1.16(c)(4).

9.  Finally, given the aforementioned, paired with certain communications, it has become clear that representation moving forward renders our representation unreasonably difficult. This is grounds for withdrawal pursuant to N.Y. R. of Prof. Cond. 1.16(c)(7).

10. Defendants have refused to consent to our withdrawal.

11. It is our position that given the clarity of the remaining procedure of this matter – namely depositions, dispositive motions, and trial - withdrawal at this point is both practical and non-prejudicial for any party.

12. For these reasons, it is respectfully requested that the Court: (a) grant Garson, Segal, Steinmetz, Fladgate LLP and its attorneys leave to withdraw as counsel pursuant to Rules 1.16(c)(4), (5), and (7); and (b) grant a stay of this case in order for Defendants to find new representation in this matter.

Dated: September 9, 2021

Respectfully submitted,

/s/ *Robert D. Garson*
Robert D. Garson, Esq.