

Ryan Dolan<br>
rdolan@gerardfoxlaw.com<br>
August 16, 2022

**<u>VIA NYSCEF</u>**
Hon. Sarah Netburn
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    SDNY - 1:19-cv-05491 - *Norris v. Goldner et al.*

Dear Hon. Judge Netburn,

      I am writing to you to in response to Ms. Perdomo's August 12, 2022, *ex parte* communication to the Court. (Dkt. 96.) Plaintiff's *ex parte* communication is in violation of the Federal Rules of Civil Procedure 26 through 37 and fails to conform to Local Rule 6.1(d). There are no pending motions or properly filed requests for relief. Yet, Plaintiff nevertheless seeks ex parte relief and makes several inappropriate requests in her letter filed after close of business on a Friday afternoon. As such, Plaintiff's communication should be disregarded for failure to comply with the relevant procedural requirement.

      The files (which Defendants maintain are still incomplete) outlined by Ms. Perdomo were indeed provided to Defendants on July 13, 2022. However, these files are work product Mr. Norris was required to provide pursuant to the contract at issue in this matter. Mr. Norris' obligations related to performance are outlined in Section 3(B) of the contract (a true and correct copy of the contract is attached hereto for reference). Now, Mr. Norris' counsel seeks to further delay Mr. Norris' obligations under the contract, further damaging Defendants.

      Plaintiff's counsel's correspondence is contradictory regarding the facts asserted. First, the Plaintiff has alleged that they have delivered the final files to the Defendants years prior (a fact Defendants dispute), then they ask the Defendants to delete the files that they allegedly already produced consistent with the contract. Defendants have no obligation to delete these files as Plaintiff was contractually obligated to provide the files in 2018.

      In full transparency with this court, Defendants are exercising specific limited rights in further development, completion, and potential commercialization of Webcomic Name relating to the Game, the Plush & merch, the calendar agreed to by the parties on a recorded call submitted in Discovery, and the Option for the Book under 3D which Plaintiff acknowledged that the



Defendants have the right to do. If anything is eventually commercialized Defendants would of course produce the royalty profit share to Plaintiff as per the contract.

Further omitted from counsel's communication, Defendants have the copyright for the 'blob' characters of Webcomic Name that was provided to Defendants by a third party, Jason Wiseman, in a sale of a game called Pretending to Grownup. The attached contract between Plaintiff and Mr. Wiseman was sold as part of assets in a settlement between Defendants and Mr. Wiseman. This contract provides Defendants with the ability to use the blobs "for any future use".

Despite the files being over four years delayed, in addition to the files being incomplete, Defendants, in good faith, attempted to abide by the contract. As required by section 1(G), Defendants reached out to Ms. Perdomo in an attempt to provide Mr. Norris with the sum of $3,125.00, the amount prescribed within the contract as owed to Mr. Norris as an "upfront advance against net sales royalties." As the contract is not rescinded, Defendants intend to abide by the terms of the agreement. The Plaintiff has refused any such payment.

Defendants respectfully request the Court strike Plaintiff's filing, Docket No. 96, from the record.

Best Regards,

/s/ *Ryan P. Dolan*
GERARD FOX LAW P.C.

1880 Century Park East | Suite 1410 | Los Angeles, CA 90067 | 310-441-0500 | www.gerardfoxlaw.com