Francelina M. Perdomo
GALLER DREYER & BERKEY, LLP
845 Third Avenue, 5th Floor
New York, NY 10022-6601
Tel: 917-254-7922
Fax: 212-935-4514
fmp@gdblaw.com

Attorneys for Plaintiff ALEXANDER NORRIS

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER NORRIS d/b/a WEBCOMIC NAME<br><br>Plaintiff,<br><br>v.<br><br>MARC GOLDNER, individually and as officer of GOLDEN BELL ENTERTAINMENT LLC and GOLDEN BELL STUDIOS, LLC and GOLDEN BELL ENTERTAINMENT LLC and GOLDEN BELL STUDIOS, LLC<br><br>Defendants. | **Civil Action No.: 19-cv-05491 (AJN)**<br><br>**PLAINTIFF' RESPONSE TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCITON** |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Alexander Norris d/b/a Webcomic Name provides the following responses to Defendants Marc Goldner, Golden Bell Entertainment, LLC and Golden Bell Studios, LLC (collectively "Defendants") First Set of Requests for the Production of Documents.

**PRELIMINARY STATEMENT**

Plaintiff has not completed his investigation, discovery or analysis of all the facts of this

case and have not completed preparation for trial. Accordingly, all of the following responses are provided without prejudice to Plaintiff's right to introduce at trial any evidence that is subsequently discovered relating to proof of presently known facts and to produce and introduce all evidence, whenever discovered, relating to the proof of subsequently discovered material facts. Moreover, facts, documents, and things now known may be imperfectly understood and, accordingly, such facts, documents, and things may not be included in the following responses. Plaintiff reserves the right to reference, discover, or offer into evidence at the time of trial any and all facts, documents and things notwithstanding the initial responses and objections interposed herein. Plaintiff further reserves the right to reference, discover, or offer into evidence at the time of trial any and all facts, documents, and things which they do not presently recall but may recall at some time in the future. Plaintiff further reserves the right to supplement these responses as information becomes available or is discovered throughout the course of this proceeding.

## GENERAL OBJECTIONS

1. Plaintiff objects to the extent that the production requests are vague, overbroad, or unduly burdensome.

2. Plaintiff objects to the extent that the production requests are premature.

3. Plaintiff objects to the extent the production requests seek irrelevant information, or information not reasonably likely to lead to admissible evidence at trial.

4. Plaintiff objects to the extent that Defendant seeks information beyond the needs of the case given the factors set forth in Fed. R. Civ. P. 26(b)(1).

5. Plaintiff objects to the extent that Defendants have interposed production requests for improper purposes.

6. Plaintiff objects to the extent that he is not in possession of the information sought.

7. Plaintiff objects to the extent that Defendants seek information beyond the reach of discovery pursuant to the attorney-client and work product privileges and/or protections, or is otherwise privileged.

8. Plaintiff objects to the extent that Defendants seek information that is already in Defendants' possession, custody or control, is publicly available, or otherwise accessible to Defendant as to Plaintiff.

9. Plaintiff objects to the extent that Defendants seeks confidential, proprietary and/or trade secret information of Plaintiff that, if disclosed, could irreparably harm Plaintiff. Accordingly, Plaintiff objects to producing any such information absent appropriate respect and treatment of such information by Defendants as such information is designated by Plaintiff pursuant to and under a confidentiality agreement and protective order.

**REQUESTS**

**REQUEST FOR PRODUCTION NO. 1.**

Any and all communications or documents, including but not limited to emails, text messages, and social media messages between Plaintiff and Jason Wiseman or an alias of Jason Wiseman related to GBE, GBS, Goldner, the Agreements and works thereunder, or in any way related to the present action.

**RESPONSE:** Plaintiff objects to this Request on the basis that the information sought is irrelevant and not reasonably likely to lead to admissible evidence at trial and has been interposed for improper purposes. Plaintiff directs Defendants to the Document Production submitted herewith.

**REQUEST FOR PRODUCTION NO. 2.** Any and all communications or documents, including but not limited to emails, text messages, and social media messages between Plaintiff and Andrews McMeel Publishing, LLC related to the publishing agreement referenced in Paragraph 22 of the Complaint.

**RESPONSE:** Plaintiff objects to this Request on the basis that the information sought is irrelevant and not reasonably likely to lead to admissible evidence at trial and it involves confidential business information of completely unrelated third parties.

**REQUEST FOR PRODUCTION NO. 3.** Any and all communications or documents, including but not limited to emails, text messages, and social media messages between Plaintiff and any artists who contributed artwork for any of the Works, related to GBE, GBS, Goldner (including references thereto by use of a bell emoji and/or a slash), the Agreements and works thereunder, or in any way related to the present action.

**RESPONSE:** Plaintiff objects to this Request on the grounds that is overly broad, vague, ambiguous, burdensome, and harassing and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 4.** Records of any and all communications, posts, or messages in non-public, but accessible to Plaintiff, social media groups, such as groups on Facebook, BoardGameGeek, or other board game oriented websites, that reference, discuss, or in any way mention GBE, GBS, Goldner (including references thereto by use of a bell emoji and/or a slash), the Agreements and works thereunder.

**RESPONSE:** Plaintiff objects to this Request on the grounds that is overly broad, vague, ambiguous, burdensome, and harassing and seeks information that is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence

**REQUEST FOR PRODUCTION NO. 5.** Any and all communications or documents, including but not limited to emails, text messages, and social media messages between Plaintiff and any Persons or accounts affiliated with Kickstarter LLC and/or "Backerkit" related to GBE, GBS, Goldner, the Agreements and works thereunder, or in any way related to the present action.

**RESPONSE:** Plaintiff objects to this Request on the basis that the information sought is irrelevant and not reasonably likely to lead to admissible evidence at trial and has been interposed for

improper purposes and involves confidential business information of completely unrelated third parties.

**REQUEST FOR PRODUCTION NO. 6.** Any and all communications or documents, including but not limited to emails, text messages, and social media messages between Plaintiff and Peter Chiykowski or an alias Peter Chiykowski related to GBE, GBS, Goldner, the Agreements and works thereunder, or in any way related to the present action.

**RESPONSE:** Plaintiff objects to this Request on the basis that the information sought is irrelevant and not reasonably likely to lead to admissible evidence at trial and has been interposed for improper purposes. Subject to the general and specific objections. Plaintiff directs Defendant to the Document Production submitted herewith.

**REQUEST FOR PRODUCTION NO. 7.** Records of any and all communications, posts, conversations, or messages in public or non-public forums between Megan McKay, "Enzo," or other webcomic artists, and are accessible or knowing to Plaintiff, social media groups, such as groups on Facebook, BoardGameGeek, or other comic associated websites, that reference, discuss, or in any way mention GBE, GBS, Goldner (including references thereto by use of a bell emoji with a slash), or the Agreements and works thereunder.

**RESPONSE:** Plaintiff objects to this Request on the basis that the information sought is irrelevant and not reasonably likely to lead to admissible evidence at trial and has been interposed for improper purposes.

**REQUEST FOR PRODUCTION NO. 8.** Any and all PayPal, Venmo, or other electronic payment methods utilized by Plaintiff to accept payment in relation to GBE, GBS, Goldner, the Agreements and works thereunder.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad an unduly burdensome, calls for speculation, and is not limited in scope. Subject to the forgoing, and without

prejudice thereto, Plaintiff states that no such documents exist.

**REQUEST FOR PRODUCTION NO. 9.** Any and all documents supporting Plaintiff's inclusion of GBS as a defendant in the present action.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad an unduly burdensome, calls for speculation, and is not limited in scope. Subject to the forgoing, and without prejudice thereto, or to the General Objections set forth above, Plaintiff directs Defendant to the Document Production submitted herewith.

**REQUEST FOR PRODUCTION NO. 10.** Any and all documents that Plaintiff will use to support any contentions that Goldner, at any point, was acting outside his capacity as a member of GBE in relation to any of the allegations or the claims made in the Complaint.

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad an unduly burdensome, calls for speculation, and is not limited in scope. Subject to the forgoing, and without prejudice thereto, or to the General Objections set forth above, Plaintiff directs Defendant to the Document Production submitted herewith.

**REQUEST FOR PRODUCTION NO. 11.** Any and all documents supporting the contention in Paragraph 38 of the Complaint that "Plaintiff delivered the final 400 illustrations panels to defendants on October 2, 2018 and the final Game files on November 2, 2019."

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad an unduly burdensome, calls for speculation, and is not limited in scope. Subject to the forgoing, and without prejudice thereto, or to the General Objections set forth above, Plaintiff directs Defendant to the Document Production submitted herewith.

**REQUEST FOR PRODUCTION NO. 12.** Any and all documents supporting the contention in Paragraph 42 of the Complaint that "GB Entertainment did not pay plaintiff's advances or deliver copies of the Game."

**RESPONSE:** Plaintiff objects to this Request on the grounds that it is overly broad an unduly burdensome, calls for speculation, and is not limited in scope. Subject to the forgoing, and without prejudice thereto, or to the General Objections set forth above, Plaintiff directs Defendants to the Document Production submitted herewith.

**REQUEST FOR PRODUCTION NO. 13.** Any and all documents and/or comics showcasing the Plaintiff's use of the Works in forms of pornographic expressions now known as "Blob Erotica".

**RESPONSE:** Plaintiff objects to this Request on the basis that the information sought is irrelevant and not reasonably likely to lead to admissible evidence at trial and has been interposed for improper purposes.

**REQUEST FOR PRODUCTION NO. 14.** Any and all documents and or communications supporting the contention in Paragraph 79 of the Complaint that "[u]nder Great Britain law, plaintiff owns the copyright in his illustrations."

**RESPONSE:** Plaintiff objects to this Request on the basis that it is argumentative and calls for legal conclusions.

**REQUEST FOR PRODUCTION NO. 15.** Copies of any and all illustrations for which Plaintiff is alleging copyright infringement, along with documentation sufficient to show the requisite elements of copyright protection under both United Kingdom and United States Law.

RESPONSE. Plaintiff objects to this Request on the basis that it is argumentative and calls for legal conclusions.

**REQUEST FOR PRODUCTION NO. 16.** Any and all documents supporting the contention that "GBE failed to pay Plaintiff's advances and deliver copies of the Game as agreed. GBE owes

Plaintiff $5,625.00 in advances, 725 copies of the Game and royalties."

**RESPONSE:** Plaintiff directs Defendants to the Document Production submitted herewith.

**REQUEST FOR PRODUCTION NO. 17.** Any and all documents sufficient to show which gaming conventions, comic conventions, pop culture conventions or similar events that Plaintiff has attended from June 2017 to present, as well as documents sufficient to show any sales, presales, or orders made, online, at conventions or otherwise, related to the works subject to the agreements in this action, or related to GBE, GBS, or Goldner.

**RESPONSE:** Plaintiff directs Defendants to the Document Production submitted herewith.

**REQUEST FOR PRODUCTION NO. 18.** Any and all documents relating to quotes requested and/or received by Plaintiff in relation to the cost of printing, shipping, distributing and any other costs associated with production and/or distribution of any works produced by Plaintiff or related to this action.

**RESPONSE:** Plaintiff directs Defendants to the Document Production submitted herewith.

**REQUEST FOR PRODUCTION NO. 19.** Any and all communications or documents, including but not limited to email, text messages, private Kickstarter messages, and social media messages between Plaintiff and any other third parties and/or distributors related to GBE, GBS, Goldner, the Agreements and works thereunder, or in any way related to the present action.

**RESPONSE:** Plaintiff objects to this Request on the basis that the information sought is irrelevant and not reasonably likely to lead to admissible evidence at trial and has been interposed for improper purposes. Subject to the forgoing, and without prejudice thereto, or to the General Objections set forth above, Plaintiff directs Defendants to the Document Production submitted herewith.

**REQUEST FOR PRODUCTION NO. 20.** Any and all communications or documents that Plaintiff has in his possession relating to the book "Animals."

**RESPONSE:** Plaintiff objects to this Request on the basis that the information sought is irrelevant and not reasonably likely to lead to admissible evidence at trial and has been interposed for improper purposes. Subject to the forgoing, and without prejudice thereto, or to the General Objections set forth above, Plaintiff directs Defendants to the Document Production submitted herewith.

**REQUEST FOR PRODUCTION NO. 21.** Any and all royalty statements, sales reports, and monies earned by Plaintiff from Patreon, Line WebToon, Andrews McMeel, and various Comic Conventions.

**RESPONSE:** Plaintiff objects to this Request on the basis that the Request is overly broad and unduly burdensome and that the information sought is irrelevant and not reasonably likely to lead to admissible evidence at trial and has been interposed for improper purposes. Subject to the forgoing, and without prejudice thereto, or to the General Objections set forth above, Plaintiff directs Defendants to the Document Production submitted herewith.

**REQUEST FOR PRODUCTION NO. 22.** Any and all documents sufficient to show whether Plaintiff has been involved in any other disputes over intellectual property rights.

**RESPONSE:** Plaintiff objects to this Request on the basis that the Request is overly broad and unduly burdensome and that the information sought is irrelevant and not reasonably likely to lead to admissible evidence at trial and has been interposed for improper purposes. Subject to the forgoing, and without prejudice thereto, or to the General Objections set forth above, Plaintiff directs Defendants to the Document Production submitted herewith.

**REQUEST FOR PRODUCTION NO. 23.** Any and all documents that Plaintiff will use to support its entitlement to any relief and/or damages.

**RESPONSE:** Plaintiff objects to this Request on the basis that the Request is overly broad and

unduly burdensome and that the information sought is irrelevant and not reasonably likely to lead to admissible evidence at trial and has been interposed for improper purposes. Subject to the forgoing, and without prejudice thereto, or to the General Objections set forth above, Plaintiff directs Defendants to the Document Production submitted herewith.

**REQUEST FOR PRODUCTION NO. 24.** Any and all other documents or communications that Plaintiff will use to support any claim or allegation in the present action.

**RESPONSE:** Plaintiff objects to this Request on the basis that the Request is overly broad and unduly burdensome and that the information sought is irrelevant and not reasonably likely to lead to admissible evidence at trial and has been interposed for improper purposes. Subject to the forgoing, and without prejudice thereto, or to the General Objections set forth above, Plaintiff directs Defendants to the Document Production submitted herewith.

Dated: July 20, 2021
New York, New York

/s/

Francelina M. Perdomo
GALLER DREYER & BERKEY, LLP
845 Third Avenue, 5th Floor
New York, NY 10022-6601
Tel: 917-254-7922
Fax: 212-935-4514
fmp@gdblaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, the undersigned, Francelina M. Perdomo, hereby certified that on the 20th day of July, 2021, I caused to be served a true and correct copy of the following documents:

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

**by E-mail** on

Kevin Kehrli, Esq.
Senior Associate
Garson, Segal, Steinmetz, Fladgate LLP
164 West 25th Street, Suite 11R
New York, NY 10001
+1 (212) 380-3623

Email: kk@gs2law.com
Attorneys for Defendants

12

14