

Christie R. McGuinness
Phone: (212) 980-7205
christie.mcguinness@saul.com
www.saul.com

September 7, 2023

The Honorable Paul A. Engelmayer, U.S.D.J.
The Honorable Sarah Netburn, U.S.M.J.
40 Foley Square
New York, New York 10007

      **RE:**   *Alexander Norris v. Marc Goldner, et al.*
               Case No. 19-cv-5491 (PAE)(SN)

Dear Judge Engelmayer and Judge Netburn:

As Your Honors are aware, we represent Plaintiff Alexander Norris ("Plaintiff") in the above-referenced action. We write today to address Defendants Marc Goldner ("Goldner"), Golden Bell Entertainment, LLC ("Golden Bell Entertainment") and Golden Bell Studios ("Golden Bell Studios") (collectively, "Defendants")'s most recent egregious conduct, and to request a conference with Judge Netburn. Plaintiff also addresses this letter to Judge Engelmayer because it impacts His Honor's August 24, 2023 Order directing the parties to submit a joint pretrial order. (Doc. No. 150).

Yesterday, we received a phone call from counsel for Andrews McMeel, Plaintiff's publisher, advising that Defendants had filed a new lawsuit against Andrews McMeel and Plaintiff ***for the same causes of actions at issue in Defendants' proposed counterclaims***. For the Court's ease of reference, Defendants' Complaint is annexed hereto as **Exhibit A**.[1]

On March 7, 2023, Judge Netburn denied Defendants' Motion to Amend Their Answer because "[t]he deadline to amend the pleadings passed more than three years ago, and Defendants have not shown good cause for allowing their ***untimely amendments***." (Doc. No. 138 at 1) (emphasis added). Defendants sought to add three (3) counterclaims against Plaintiff for: (1) breach of contract, tortious interference with prospective economic advantage, and (3) copyright infringement. (Doc. No. 138 at 3-4). All three of Defendants' proposed counterclaims arise from a provision in the Collaboration Agreement, entered into amongst Plaintiff and Defendants, which

---

[1] Ironically, at the time Plaintiff became aware that Defendants had filed a new complaint against Plaintiff, we were selecting potential dates to reach out to Defendants' counsel, per Judge Netburn's August 28, 2023 Order, and request their availability for a settlement conference in this matter.

1270 Avenue of the Americas, Suite 2800 ◆ New York, NY 10020 ◆ Phone: (212) 980-7200 ◆ Fax: (212) 980-7292

CALIFORNIA   DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

September 7, 2023
Page 2

Defendants contend purportedly grants Golden Bell Entertainment an option on Plaintiff's future works.

On May 22, 2023, Judge Netburn issued a Report and Recommendation holding that Defendants infringed on Plaintiff's intellectual property because the Collaboration Agreement provided for limited rights to Plaintiff's intellectual property. (Doc. No. 146). On August 24, 2023, Judge Engelmayer adopted the majority of Judge Netburn's Report and Recommendation, including the part regarding Defendants' infringement upon Plaintiff's intellectual property and the limited scope of the Collaboration Agreement. (Doc. No. 150).

Besides the fact that Defendants seek a second bite at the apple, what renders Defendants' conduct particularly egregious (and arguably sanctionable) is that Defendants filed their Complaint on May 31, 2023, **9 days** after Judge Netburn ruled that Defendants **did not** have expansive rights to the suite of Plaintiff's intellectual property. *See* Ex. A. Compounding Defendants' troublesome behavior is the fact that when they submitted their Civil Cover Sheet with their Complaint, they failed to identify this case as one pending in the Southern District of New York that was essentially the same. For the Court's ease, Defendants' Civil Cover Sheet is annexed hereto as **Exhibit B**. Defendants knew that any related case would be assigned to Your Honors, and that Judge Netburn had already ruled on Defendants' counterclaims. (Doc. No. 138).

Finally, ***even after*** Judge Engelmayer issued his opinion, Defendants, ***at no point***, advised Judge Hellerstein, the District Court Judge presiding over Defendants' recently filed case, that a decision had been rendered that thoroughly detailed why Defendants' are not entitled to the entire suite of Plaintiffs' intellectual property, ***the exact issue*** at the heart of Defendants' Complaint. *See* Ex. A.

Plaintiff's bring Defendants' conduct to this Court's attention because it qualifies as **both** issue and claim preclusion, and the basic tenant that two Courts, or in this case two District Court Judges, should not be deciding the same issue because it leaves open the possibility of inconsistent results.

The Court should admonish Defendants for their contumacious behavior of ignoring Your Honors' Orders, and filing a separate action while intentionally failing to make the necessary disclosures.

We are thankful to the Court for its attention to this matter.

                                             Sincerely,

                                             *Christie R McGuinness*

                                             Christie R. McGuinness
                                             Francelina M. Perdomo Klukosky

CC: All Counsel Via ECF.