

Christie R. McGuinness
Phone: (212) 980-7205
christie.mcguinness@saul.com
www.saul.com

October 30, 2023

The Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

      RE:    *Alexander Norris v. Marc Goldner, et al.*
             Case No. 19-cv-5491 (PAE)(SN)

Dear Judge Engelmayer:

    We represent Plaintiff Alexander Norris ("Plaintiff") in the above-referenced action. On October 19, 2023, the parties appeared before Judge Netburn for a Status Conference to discuss the related action that Defendants Marc Goldner ("Goldner"), Golden Bell Entertainment, LLC ("Golden Bell Entertainment") and Golden Bell Studios ("Golden Bell") (collectively, "Defendants") filed against Plaintiff, and to discuss settlement.

    Plaintiff writes today to advise the Court that Plaintiff wishes to withdraw their breach of contract claim (Count No. 4) <u>with</u> prejudice, and withdraw their claim seeking declaratory relief (Count No. 5) <u>without</u> prejudice. Finally, Plaintiff asks that this Court permit the parties to submit a proposed briefing schedule on Plaintiff's damages for their copyright infringement claim.

    A.    <u>Plaintiff's Claim For Breach Of Contract (Claim No. 4)</u>:

    Plaintiff's breach of contract claim centers around Defendants' failure to pay Plaintiff the $5,625.00 due and owing to him under the parties' Collaboration Agreement. *See* Doc. No. 39 at ¶¶121-127. The Court found that there were material issues of fact precluding it from entering summary judgment in favor of either party. *See* Doc. No. 150. For the avoidance of doubt, Defendants <u>do</u> <u>not</u> have any affirmative claims against Plaintiff. Rather, their cross-motion for summary judgment merely sought to dismiss Plaintiff's claim for breach of contract. *See* Doc. No. 124. Therefore, Defendants have no contract claims that need to proceed to trial. To avoid the expense of (and conserve the Court's limited resources) a trial over $5,625.00 claim, Plaintiff withdraws their breach of contract claim (Claim No. 4) <u>with</u> <u>prejudice</u>. Plaintiff, simultaneously, submits a proposed Order.

1270 Avenue of the Americas, Suite 2800 ♦ New York, NY 10020 ♦ Phone: (212) 980-7200 ♦ Fax: (212) 980-7292

CALIFORNIA   DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC

A DELAWARE LIMITED LIABILITY PARTNERSHIP

October 30, 2023
Page 2

      B.    <u>Plaintiff's Claim For Declaratory Relief (Claim No. 5)</u>:

On September 7, 2023, Plaintiff wrote to the Court advising that Defendants had impermissibly filed a second lawsuit, and failed to mark that second lawsuit as related to this one pending before Your Honor. *See* Doc. No. 152. Following the parties' Status Conference before Judge Netburn, Judge Netburn directed Defendants to show cause on or before November 3, 2023 as to why Defendants' second lawsuit should not be dismissed for their failure to serve Plaintiff within the time confines of Fed. R. Civ. P. 4(m).

Similar to Plaintiff's breach of contract claim, this Court found that there were fact issues precluding it from entering summary judgment on Plaintiff's claim seeking declaratory relief. *See* Doc. No. 150. Once again, Defendants <u>do</u> <u>not</u> have any affirmative claims against Plaintiff and their cross-motion for summary judgment merely sought to dismiss Plaintiff's claim seeking declaratory relief. *See* Doc. No. 124. Because Plaintiff believes that this Court's Order addresses the parties' rights under the Collaboration Agreement, and because Defendants have already indicated that they plan on appealing this Court's Order, Plaintiff asks that they be permitted to withdraw this claim without prejudice pending resolution of Defendants' appeal. *See* Doc. No. 156. Simply, if the Second Circuit affirms this Court's decision, there will be no need for Plaintiff to proceed with their claim seeking declaratory relief. If, however, the Second Circuit reverses this Court's decision and remands this case for further proceedings, Plaintiff wishes to leave open the possibility that they will proceed with their claim seeking declaratory relief. At base, Plaintiff believes that it is the most efficient use of this Court's and the parties' time to avoid the expense of a trial on a claim that may become entirely moot. For the foregoing reasons, Plaintiff wishes to withdraw their declaratory judgment claim (Claim No. 5) <u>without</u> <u>prejudice</u>, and simultaneously submits a proposed Order.

      C.    <u>Plaintiff's Copyright Infringement Claim (Claim No. 1)</u>:

In its Decision and Order, the Court granted summary judgment to Plaintiff finding that Defendants infringed upon Plaintiff's copyrights. *See* Doc. No. 150. To date, there has been no adjudication of Plaintiff's statutory damages under the Copyright Act of 1976. *Id*. Therefore, Plaintiff asks that the Court permit the parties to submit a proposed briefing schedule by <u>Friday November 3, 2023</u> for the parties' submission on Plaintiff's statutory damages. Because Plaintiff's damages are statutory in nature, Plaintiff does not believe that there needs to be a trial solely for the purposes of determining Plaintiff's damages.

Plaintiff is thankful to the Court for its attention to this matter.

                      Respectfully Submitted,
                      /s/ Christie R. McGuinness

                      Christie R. McGuinness
                      Francelina M. Perdomo Klukosky

CC: All Counsel Via ECF.