IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Alexander Norris,<br><br>                    Plaintiff,<br><br>    - against –<br><br>Marc Goldner, Individually and as Officer of Golden Bell Entertainment, LLC, a California Company and Golden Bell Studios, LLC, Golden Bell Entertainment, LLC, a California Company and Golden Bell Studios, LLC,<br><br>                    Defendants. | Civil Action No.: 1:19-cv-05491-PAE-SN |

**Plaintiff Alexander Norris' Reply Memorandum Of Law In Further Support Of Their Motion For Statutory Damages And Attorneys' Fees Pursuant To The Copyright Act**

SAUL EWING LLP
Francelina M. Perdomo Klukosky
Christie R. McGuinness
1270 Avenue of the Americas, Suite 2800
New York, New York 10020
T: (212) 980-7200
Francelina.Perdomoklukosky@saul.com
Christie.McGuinness@saul.com

*Attorneys for Plaintiff*
*Alexander Norris*

Dated: March 1, 2024.

**TABLE OF CONTENTS**

Page(s)

I. PRELIMINARY STATEMENT: ............................................................................................... 1

II. ARGUMENT: ............................................................................................................................ 3

    A. Defendants Cannot Relitigate Issues That Could Have Been Raised On Summary Judgment As Issues Purportedly Related To Plaintiff's Statutory Damages: ............................................................................................................. 3

        1. Defendants Waived Any Damages Arguments Premised On The Purported Invalidity Of Plaintiff's Copyright Registration: ....................... 3

        2. Defendants Waived Any 'Damages' Arguments Premised On Fair Use: ................................................................................................................ 3

    B. Defendants' Arguments As To Plaintiff's Entitlement To Statutory Damages Fail As A Matter of Law: ................................................................... 4

        1. The Opposition Fails To Recognize That Defendants Infringed Upon Multiple Of Plaintiff's Works and Plaintiff Only Seeks Statutory Damages For Defendants' Infringement That Occurred Post Registration: ...................................................................................... 4

        2. Plaintiff Established Their Entitlement To $150,000 In Statutory Damages Based On Defendants' Willful Infringement: ........................... 6

            (a) The Court Already Ruled On Liability And Thus, Defendants' Mental State: ............................................................. 6

            (b) Defendants Need To Be Deterred From Future Infringement: ................................................................................. 8

            (c) This Court Is Well Aware Of Defendants' Conduct Throughout This Litigation: ............................................................. 8

    C. Defendants' Arguments As To Plaintiff's Entitlement To Attorneys' Fees Are Unpersuasive: ........................................................................................... 9

        1. Plaintiff Was The Prevailing Party And Is Entitled To Attorneys' Fees: ............................................................................................................ 9

        2. Plaintiff Has Adequately Established Their Attorneys' Fees: .................. 9

        3. Plaintiff Is Entitled To Their Costs: ......................................................... 10

III.     CONCLUSION:............................................................................................................ 10

# TABLE OF AUTHORITIES

PAGE(S)

**FEDERAL CASES**

*Broadcast Music, Inc. v. Prana Hosp., Inc.*,
 158 F.Supp.3d 184 (S.D.N.Y. 2016)......................................................................................7

*Close-Up Int'l, Inc. v. Berov*,
 Civ. No. 02-cv-2363 (DGT), 2007 WL 4053682 (E.D.N.Y. Nov. 13, 2007).........................10

*Conklin v. U.S. Immigration & Customs Enforcement*,
 661 F.Supp.3d 239 (S.D.N.Y. 2023)......................................................................................3

*Craig v. UMG Recordings, Inc.*,
 380 F.Supp.3d 324 (S.D.N.Y. 2019)..................................................................................4, 5

*Freeplay Music, LLC v. Nian Infosolutions Private Ltd.*,
 Civ. No. 16-cv-5883 (JGK) (RWL), 2018 WL 3639929 (S.D.N.Y. Jan. 10, 2018)..................7

*Getty Images (U.S.), Inc. v. Microsoft Corp.*,
 61 F.Supp.3d 301 (S.D.N.Y. 2014) .......................................................................................5

*Laufer Grp. Int'l, Ltd. V. Sonder Distrib. USA, LLC*,
 Civ. No. 22-cv-03313 (JLR), 2023 WL 6317949 (S.D.N.Y. Sept. 28, 2023) .........................3

*Skoogfors v. Lycos, Inc.*,
 Civ. No. 16-cv-2742 (PGG) (JCF), 2017 WL 10591577 (S.D.N.Y. Apr. 21, 2017).................9

**FEDERAL STATUTES**

18 U.S.C. § 1920................................................................................................................10

18 U.S.C. § 1920(1) ...........................................................................................................10

18 U.S.C. § 1920(2) ...........................................................................................................10

Lanham Act §§ 1114(1)(1)(a) ...............................................................................................1

I.  **PRELIMINARY STATEMENT**:

After nearly four years of vexatious litigation, this Court vindicated Plaintiff's position finding in a sweeping decision, that Defendants infringed upon Plaintiff's various copyrights when Defendants copied different images from Plaintiff's Facebook page and online store (www.theohnoshop.com), and uploaded those images in multiple instances to the United States Patent and Trademark Office ("USPTO") as purported specimens of use in connection with Defendants' application to register the trademark 'Webcomic Name.' (also referred to as the "281 Mark"). The Court also found that the 'Webcomic Name' trademark was subject to cancellation because Defendants *never* used that trademark in commerce pursuant to the requirements of the Lanham Act §§ 1114(1)(1)(a). Doc. No. 150 at 17-19.

Plaintiff's statutory damages claim is straightforward: On December 4, 2018, Plaintiff effectively registered five comics: "Different", "Dog", "Imagination," "Impossible", and "Procrastination" and received Copyright Registration, No. VAu1-337-956.[1] Doc. No. 146 at 9, n.10 (the "Registered Comics"). Importantly, the Registered Comics are an ***entirely different*** work than the Foreign Works,[2] which are comprised of multiple independent images of Plaintiff's Facebook Page, Plaintiff's Patreon Page, and Plaintiff's Facebook Shop page, which Defendants copied and uploaded to the USPTO on November 30, 2017 and October 9, 2018. *Compare* Doc. No. 1 at ¶¶55-57, Doc. No. 146 at 9, n.10. Undeterred from the filing of the Summons and Complaint on June 12, 2019, Defendants double-downed on their willful infringement, and on November 18, 2019, submitted for the first time ever copies of several comic strips from the

---

[1] For the Court's ease, the "Copyright Registration" refers to Copyright Registration No. VAu1-337-956. Doc. No. 119-3.

[2] The Foreign Works refer to the portion of Plaintiff's intellectual property that Defendants first submitted to the USPTO. Doc. No. 146 at 9, n.10.

Registered Comics as specimens of use to the USPTO. Defendants infringed on the Registered Comics nearly one year after the effective date of registration. Doc. No. 39 at ¶94; Doc. No. 167. Recognizing this new and independent act of infringement, Plaintiff filed the Supplemental Complaint on August 6, 2020 to add a claim for statutory damages and attorneys' fees arising from Defendants' infringement of a different work of Plaintiff's authorship that Defendants had not previously infringed. Doc. No. 39 at ¶94. At base, the Opposition would have this Court believe that Defendants are immune from statutory damages simply because Defendants infringed upon the Foreign Works before the effective date of the Registered Comics. First, Defendants attempt to persuade this Court that Plaintiff's Foreign Works and the Registered Comics are one and the same. Second, Defendants argue that because all copyrights are the same, which they are not, Defendants' multiple acts of infringement stem from the same act and the same copyright. This argument is wrong because it would permit a party to infringe upon one work and subsequently infringe upon an entirely different work of the same owner disregarding the infringer's intent, knowledge and culpable conduct. What's more, the premise of Defendants' argument is not supported by the evidence on the record. Indeed, the record clearly shows that Defendants never infringed on Plaintiff's Registered Comics until November 18, 2019, ***nearly one year after the effective date of registration***.

Now, with the benefit of new counsel and hindsight, the Opposition seeks to relitigate liability issues that are well outside the limited scope of this Motion, and fails to address its most fundamental aspects: Plaintiff's entitlement to their statutory damages and attorneys' fees. Since this Court has already ruled on liability, Plaintiff will refocus the Court's attention to their entitlement to an award of $263,098.66 in attorneys' fees and $4,395.26 in authorized costs for Defendants' willful infringement of Plaintiff Registered Comics.

II. **ARGUMENT**:

    A.    <u>Defendants Cannot Relitigate Issues That Could Have Been Raised On Summary Judgment As Issues Purportedly Related To Plaintiff's Statutory Damages</u>:

Preliminarily, the Opposition's belated 'damages' arguments based on the purportedly invalid Copyright Registration, and Defendants' purported 'fair use' of the Registered Comics fail because Defendants waived those arguments by not raising them at summary judgment.

        1.    <u>Defendants Waived Any Damages Arguments Premised On The Purported Invalidity Of Plaintiff's Copyright Registration</u>:

The Court must not consider ***any*** argument as to Plaintiff's entitlement to statutory damages in the Opposition premised on the purported invalidity of the Copyright Registration because Defendants had ***every*** opportunity to raise that argument at summary judgment. Doc. No. 125. It is axiomatic that "[g]enerally, an argument not addressed in an opposition to a summary judgment motion is considered waived." *Conklin v. U.S. Immigration & Customs Enforcement*, 661 F.Supp.3d 239, 264 (S.D.N.Y. 2023). Simply, Defendants could have briefed the issue of the purported invalidity of the Copyright Registration at summary judgment, but failed to do so. Doc. No. 136. Therefore, because Defendants are precluded from sneaking in a liability argument at this late juncture, Defendants waived any argument as to Plaintiff's entitlement to statutory damages premised on the purported invalidity of the Copyright Registration. Opposition at 9.

        2.    <u>Defendants Waived Any 'Damages' Arguments Premised On Fair Use</u>:

Similarly, the Court must not consider any 'damages' argument in the Opposition premised on Defendants' purported 'fair use' of the Registered Comics because Defendants had ***every*** opportunity to raise this defense at summary judgment, and failed to do it. Opposition at 14. An argument not briefed during summary judgment is waived. *See*, *e.g.*, *Laufer Grp. Int'l, Ltd. V. Sonder Distrib. USA, LLC*, Civ. No. 22-cv-03313 (JLR), 2023 WL 6317949, at *9 (S.D.N.Y. Sept.

28, 2023) ("Defendants do not address this argument in their opposition papers. Therefore, Defendants have waived any arguments that their counterclaim withstands Laufer's motion."). Defendants are precluded from sneaking in a liability argument at this late juncture and Defendants waived any argument as to Plaintiff's entitlement to statutory damages premised on Defendants' purported 'fair use.' Doc. No. 125. Opposition at 14.

      B.      Defendants' Arguments As To Plaintiff's Entitlement To Statutory Damages Fail As A Matter of Law:

Removing the Opposition's impermissible attempts to relitigate liability, Defendants make two primary arguments germane to the Motion: (1) because Defendants infringed upon the Foreign Works **before** infringing upon the Registered Comics, Defendants are exempt from statutory damages for their infringement of the Registered Comics, and (2) Defendants' "fantastical" reading of the Collaboration Agreement precludes this Court from finding that Defendants willfully infringed upon the Registered Comics. Doc. No. 150 at 19. For the foregoing reasons, Defendants' arguments are without merit and Plaintiff is entitled to a finding that Defendants willfully infringed upon the Registered Comics and $150,000[3] in statutory damages.

      1.      The Opposition Fails To Recognize That Defendants Infringed Upon Multiple Of Plaintiff's Works and Plaintiff Only Seeks Statutory <u>Damages For Defendants' Infringement That Occurred Post Registration</u>:

Consistent with this Court's prior findings, Plaintiff is entitled to statutory damages because Defendants infringed upon the Registered Comics **after** the effective date of the Registration. Doc. No. 39. It is established that "[w]hen the same defendant infringes ***on the same protected work*** in the same manner as it did prior to the work's registration, the post-registration infringement constitutes the continuation of a series of ongoing infringements." *Craig v. UMG*

---

[3] After reviewing the authorities cited by Defendants, Plaintiff is now seeking $150,000 in statutory damages for Defendants' willful infringement of Plaintiff's Registered Comics.

-4-

*Recordings, Inc.*, 380 F.Supp.3d 324, 336 (S.D.N.Y. 2019) (emphasis added). Here, the Opposition misapplies this foundational rule, and its premise fails because the Opposition does not recognize that Defendants infringed upon different works: the Foreign Works *and* the Registered Comics. *Compare* Doc. No. 146 at 10, Doc. No. 146 at 9, n.10. Because Defendants' infringement of the Registered Comics occurred nearly a year *after* the effective date of registration, Plaintiff is entitled to statutory damages resulting from Defendants' infringement of the Registered Comics.

Although statutory damages were unavailable in *Craig*, the Court's reasoning is illustrative in understanding why Defendants are misapplying this foundational rule. In *Craig*, the Court commented: "[t]he record clearly demonstrates that the 2015 Album is part of the ongoing infringement that commenced with the release of the 2012 Album. The 2015 Album has the *same* front cover and back cover as the 2012 Album, uses the *same* four photographs that appeared in the 2012 Album … ." *Craig*, 380 F.Supp.3d at 336. *Compare*, *Getty Images (U.S.), Inc. v. Microsoft Corp.*, 61 F.Supp.3d 301, 304 (S.D.N.Y. 2014) (recognizing that statutory damages were available for fifty out of the sixty-two works at issue because the infringement upon the fifty works occurred after registration and the works were all separate, independent works). Consistent with both *Craig* and *Getty Images (U.S.), Inc.*, there are *multiple* works comprising Plaintiff's intellectual property that Defendants infringed upon, and Plaintiff is entitled to statutory damages for Defendants' infringement of the Registered Comics because Defendants did not infringe on Plaintiff's Registered Comics before November 18, 2019.[4] Doc. No. 146 at 9, n.10. The Opposition glances over this important distinction and provides a sweeping misapplication of the above-articulated principle of law. Simply, this Court found Defendants are liable for infringement upon

---

[4] The cases the Opposition relies upon are inapposite because the infringer, in those cases, infringed upon the *exact same* piece of intellectual property prior to and after the copyright registration. Therefore, Plaintiff will not address them in this Motion because the Opposition misapplies the foundational holdings from those cases.

Plaintiff's Foreign Works and the Registered Comics. Doc. No. 150 at 19. Defendants first submitted the Foreign Works to the USPTO (for which Plaintiff is not claiming statutory damages), and subsequently submitted the Registered Comics to the USPTO *after* the effective date of the Copyright Registration. Doc. No. 39. Because Defendants committed multiple, distinct instances of copyright infringement, of both the Foreign Works and Registered Comics, Plaintiff is entitled to statutory damages for Defendants' infringement upon the Registered Comics because that infringement occurred after the effective date of the Copyright Registration.

> 2. Plaintiff Established Their Entitlement To $150,000 In Statutory Damages Based On Defendants' Willful Infringement:

Despite Defendants' attempts to re-write history, this Court has already ruled that there is ***nothing*** in the text of the Collaboration Agreement that would provide Defendants with any reasonable basis to believe that Defendants could take the Foreign Works and Registered Comics (and submit those to the USPTO). Doc. No. 150 at 19. This alone establishes Defendants' mental state. Further, the record in this case shows that multiple factors weigh in favor of a ***substantial*** statutory damages award because, Plaintiff served a Summons and Complaint to Defendants detailing their position about the scope of the Collaboration Agreement. Remarkably, several months after receiving the Summons and Complaint, Defendants were at it again and intentionally infringed on Plaintiff's Registered Comics. Consequently, Defendants' actions are willful, reckless and must be deterred. As a result, all of these factors weigh in favor of an award of statutory damages in favor of Plaintiff.

> (a) The Court Already Ruled On Liability And Thus, Defendants' Mental State:

As detailed in the Motion, this Court has already made a determination that Defendants' infringement was willful because Defendants' "fantastical" reading of the Collaboration Agreement provided Defendants with no reason to believe that they had the right to submit either

the Foreign Works or the Registered Comics to the USPTO.[5] Doc. No. 150 at 19. It is also well-accepted that willful infringement can be demonstrated by a defendant continuing to maintain and use copyrighted works after the commencement of a proceeding. *See*, *e.g.*, *Freeplay Music, LLC v. Nian Infosolutions Private Ltd.*, Civ. No. 16-cv-5883 (JGK) (RWL), 2018 WL 3639929, at *18 (S.D.N.Y. Jan. 10, 2018) ("That said, Nian's willfulness is demonstrated by its having continued to maintain and use infringing works after Freeplay filed this lawsuit."); *Broadcast Music, Inc. v. Prana Hosp., Inc*., 158 F.Supp.3d 184, 197 (S.D.N.Y. 2016) ("Willfulness may be inferred from a defendant's conduct, and is often found where a defendant continued the infringing behavior after receiving notice of the license requirement or directions to cease and desist."). Here, the Opposition does not grapple with the fact that Defendants infringed upon the Registered Comics ***after*** the parties were litigating this Action. Doc. No. 39. Therefore, not only did Defendants continue infringing upon Plaintiff's intellectual property, but Defendants continued to do so ***after*** Plaintiff brought this Action articulating their position. Doc. No. 39. Recognizing this, the Opposition chooses not to grapple with these facts, but instead attempts to relitigate this Court's interpretation of the Collaboration Agreement by hypothesizing that Defendants would have won on a 'fair use' defense had they bothered to raise it. Opposition at 15-16.[6] The Opposition daftly ignores this Court's prior rulings. Doc. No. 150 at 19. Based on the above, Plaintiff has ably demonstrated that Defendants' infringement was willful.

---

[5] Defendants' attempts to gaslight this Court into believing that Defendants only had Plaintiff's best interests at heart when submitting the Trademark Applications ring entirely hallow. As this Court concluded, "…defense counsel took the position that, if this same agreement instead concerned the creation of a board game starring the fictional character Homer Simpson, its terms would grant Defendants all intellectual property rights in that character, name, and likeness." Doc. No. 146 at 7, n.9.

[6] Significantly, as detailed above, the Opposition concedes that Defendants did not raise a fair use defense. Opposition at 15, n.14. Therefore, this Court must not consider this hypothetical fair use defense when evaluating Defendants' mental state because Defendants waived any argument premised on fair use.

(b) <u>Defendants Need To Be Deterred From Future Infringement</u>:

As detailed in the Motion, Defendants are continuing to infringe upon Plaintiff's intellectual property by maintaining a Second Lawsuit against Plaintiff. Doc. No. 39. At base, the Second Lawsuit is premised on Defendants' ***continued*** misguided assertion that they have rights to the entirety of Plaintiff's intellectual property: a premise that this Court expressly rejected in this Action. Doc. No. 152. Although the Opposition attempts to argue that the Second Lawsuit has nothing to do with this Motion, those arguments are entirely facetious because through maintaining the Second Lawsuit, Defendants are ***still*** claiming rights to Plaintiff's intellectual property that go ***beyond*** the rights adjudicated in this Action. Doc. No. 152. Based on the above, there is direct evidence of Defendants' continued infringement upon Plaintiff's intellectual property.

(c) <u>This Court Is Well Aware Of Defendants' Conduct Throughout This Litigation</u>:

Finally, this Court is aware of Defendants' vexatious conduct throughout the course of this Action. Doc. No. 156. A representative example is when Defendants were nearly sanctioned for attempting to claim ownership of Plaintiff's proprietary materials shared with Defendants during settlement negotiations. (Doc. No. 98). Tellingly, the Opposition dismisses Defendants' conduct as a "sideshow." Opposition at 22, n.20. However, Defendants' conduct in this Action is anything far from a "sideshow." Whether it be dragging out settlement negotiations for nearly a year (forcing Plaintiff to expend legal fees) or impermissibly filing an interlocutory appeal (once again forcing Plaintiff to expend legal fees), Defendants have taken every opportunity in this Action as a chance to inflict the maximum amount of damage (both financially and emotionally) on Plaintiff. Doc. No. 96.

      C.      Defendants' Arguments As To Plaintiff's Entitlement To Attorneys' Fees Are Unpersuasive:

      1.      Plaintiff Was The Prevailing Party And Is Entitled To Attorneys' Fees:

As detailed in the Motion, the Court should award Plaintiff their attorney's fees because Plaintiff is the prevailing party in this litigation. The Court held Defendants infringed upon Plaintiff's copyrights and the Trademark Application was properly subject to cancellation because Defendants never used the 'Webcomic Name' trademark in commerce (rendering Plaintiff the prevailing party). Doc. No. 150 at 30. Ultimately, Defendants' arguments that Plaintiff is not entitled to their attorneys fees are entirely unpersuasive because any attorney work that Plaintiff expended was aimed at establishing Defendants' liability and Plaintiff ably supported their request for attorneys' fees. For the reasons detailed above and in the Motion, the Court should award Plaintiff their attorneys' fees.

      2.      Plaintiff Has Adequately Established Their Attorneys' Fees:

As detailed in the Motion, Plaintiff is entitled to $263,098.66 in attorneys' fees. Motion at 20-22. It is well-understood that "[d]etermining a reasonable hourly rate involves a case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel. This may … include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district. The hourly rates must be in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. The relevant community in this case is the Southern District of New York." *Skoogfors v. Lycos, Inc.*, Civ. No. 16-cv-2742 (PGG) (JCF), 2017 WL 10591577, at *4 (S.D.N.Y. Apr. 21, 2017). In *Skoogfors*, the Court found that $550 an hour was a reasonable rate for an attorney with fifteen years of experience. *Id*. at *5. Here, Plaintiff has submitted the Declaration of Francelina M. Perdomo Klukosky attesting to her fifteen years of

experience in the field of intellectual property, and legal bills confirming Mrs. Perdomo Klukosky's rate of $500; well within the reasonable rates in the Southern District of New York. Doc. No. 168. In *Close-Up International Inc. v. Berov*, the Court rejected similar arguments that Defendants are making here: "Lowenfeld reasonably argues that his time on the complaint, discovery and liability phases of this case would not have differed regardless of the number of registered works. … These arguments all have merit, and suggest that Lowenfeld's fee request is reasonable. Therefore, plaintiffs will be granted all of the fees requested for Lowenfeld's work." *Close-Up Int'l, Inc. v. Berov*, Civ. No. 02-cv-2363 (DGT), 2007 WL 4053682, at *6 (E.D.N.Y. Nov. 13, 2007). Consistent with *Close-Up International Inc.*, all of the work Plaintiff's counsel expended would have needed to be expended respective of whether Plaintiff brought a breach of contract claim because **all** claims centered around the parties' rights and obligations under the Collaboration Agreement. Doc. No. 168. Therefore, as detailed in the Motion and above, Plaintiff is entitled to $263,098.66 in attorneys' fees.

        3.        <u>Plaintiff Is Entitled To Their Costs</u>:

Plaintiff is entitled to $4,395.26 representing the following authorized costs: $828.60 for Regal Court Reporting, $1,394.61 for Veritext, $1,938.45 for Veritext, and $233.60 in filing fees. Doc. No. 168. 18 U.S.C. § 1920(1) makes clear that Plaintiff's filing fees are recoverable, and 18 U.S.C. § 1920(2) makes clear that the fees for the referenced transcripts are recoverable. *See, e.g.*, 18 U.S.C. § 1920. Thus, Plaintiff has demonstrated their entitlement to $4,395.26 in authorized costs.

III.    **<u>CONCLUSION</u>**:

For the reasons detailed in the Motion and above, Plaintiff is entitled to their attorneys' fees, and authorized costs along with whatever other relief the Court deems just and proper.

**CERTIFICATION OF COMPLIANCE**

Pursuant to Local Civil Rule 11.1, I, Christie R. McGuinness, hereby certify that this Memorandum of Law complies with the formatting rules, and the total number of words in this Memorandum of Law, excluding the caption, certification of compliance, table of contents, and table of authorities, is 3,103.

This the 1st day of March, 2024.

*/s/ Christie R. McGuinness*
Christie R. McGuinness

**CERTIFICATE OF SERVICE**

I, Christie R. McGuinness, hereby certify that on March 1st, 2024, the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Christie R. McGuinness*
Christie R. McGuinness
